Walter Hackl, Appellee, v. Tower Hill Coal Company, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed October 13, 1916. Rehearing denied December 2, 1916.

## Statement of the Case.

Action by Walter Hackl, plaintiff, against the Tower Hill Coal Company, defendant, for personal injuries sustained as a coal miner resulting from a mine blast. From a judgment for plaintiff for $1,500, defendant appeals.

In part of the counts of the declaration, on which the case was tried, defendant was charged with a wilful violation of the "Shot Firers' Act," and in others that it was the duty of the defendant to use reasonable care to furnish the plaintiff with a reasonably safe place to work and to warn him of the presence of latent dangers, and with a failure to perform that duty.

WILLIAM E. WHEELER, for appellant; A. L. YANTIS, of counsel.

GREEN & PALMER, ARTHUR FITZPATRICK and ORIS BARTH, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 102a*—*when failure of operator to employ experienced shot firers is not a violation of Shot Firers' Act.* The use of more than two pounds of powder in any one blast by a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

miner in a coal mine without the knowledge or consent of the operator of the mine, or in violation of express rules or orders of such operator, does not make the failure of the operator to employ experienced shot firers to fire such shot a violation of section 2 of the Shot Firers' Act (J. & A. ¶ 7513).

2. Mines and minerals, § 148*—*when question as to amount of powder used and authority of employee to use is material.* In an action under the Shot Firers' Act (J. & A. ¶ 7512 et seq.), by a coal miner for injuries resulting from a blast, held that the facts being controverted it was a material question whether over two pounds of powder was used in the mine in any one blast and, if so, whether it was so used with the consent of the operator or against his rules and orders.

3. Mines and minerals, § 148*—*when question whether blasting without undermining coal was permissible is material.* In an action for personal injuries sustained by a coal miner resulting from a blast, held that under the pleading it was a material question whether the blasting without undermining coal was permitted or prohibited by the rules or orders of the operator of the mine.

4. Mines and minerals, § 190*—*when instruction on proof of mere negligence as warranting recovery under counts of declaration is erroneous.* In an action for personal injuries sustained by a coal miner from a blast in which two of the counts of the declaration were based on a wilful neglect to comply with section 2 of the Shot Firers' Act (J. & A. ¶ 7513), requiring blasts in which over two pounds of powder are used to be fired by experienced shot firers, an instruction that proof of mere negligence would be sufficient for a recovery under any of the counts of the declaration, some of which alleged mere negligence at common law, held erroneous.

5. Negligence, § 214*—*when instruction directing a verdict is erroneous.* An instruction directing a verdict for the plaintiff in an action for negligence must limit his right to recovery to acts of negligence declared on in the declaration.

6. Workmen's Compensation Act, § 12*—*when instruction directing verdict and not referring to fact that employer had rejected provisions of is erroneous.* In an action for personal injuries by an employee against his employer, held that an instruction, peremptory in form, stating alleged acts of negligence and directing a verdict for the plaintiff, should have called attention to the claimed fact that the employer had rejected the provisions of the Workmen's Compensation Act.

7. Damages, § 186*—*when evidence as to possible injury to eye by sympathetic affection is inadmissible.* Failure to exclude testimony of a doctor as to what might possibly happen to an uninjured eye by way of sympathetic affection from an injured eye, held error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.